Herman PAGE, Petitioner,

v.

MARTON ROOFING, INC., Respondent.

No. 02–0845.

Supreme Court of Texas.

April 3, 2003.

John M. Young, Law Office of John M. Young, Houston, for Petitioner.

Nancy Hesse Hamren, Coats Rose Yale Ryman & Lee, P.C., Houston, for Respondent.

Chief Justice PHILLIPS delivered the opinion of the Court, in which Justice HECHT, Justice OWEN, Justice O'NEILL, Justice SMITH, and Justice WAINWRIGHT joined.

This is a companion case to *Page v. Structural Wood Components, Inc.*, 102 S.W.3d 720, and its facts are substantially similar. In 1997, Herman C. Page hired Mark Sepolio to remodel and expand a Houston building. Sepolio in turn hired several subcontractors, including Marton Roofing, Inc., to provide labor and materials for the project. After a dispute with Sepolio, Page terminated his contract on April 14, 1998. Page then hired six replacement contractors to finish the project. After Sepolio failed to pay Marton Roofing the full amount owned for its services, Marton Roofing sent Page a notice of its unpaid invoice on May 21, 1998, and filed a lien affidavit on June 15, 1998.

Marton Roofing subsequently filed suit, arguing that Page was liable for the unpaid invoices under both the statutory retainage provision of Texas Property Code § 53.103 and the fund-trapping provision of Texas Property Code § 53.081. The trial court granted summary judgment in Marton Roofing's favor, awarding $26,892.75 in damages, additional prejudgment interest and attorney's fees, and foreclosure of Marton Roofing's liens against Page's property. The court of appeals affirmed the judgment on two grounds, holding (1) that Marton Roofing timely perfected a lien on Page's statutory retainage, as it filed its lien affidavit within thirty days of the time that the replacement contractors finished the project, and (2) that Marton Roofing held a valid fund-trapping lien pursuant to Texas Property Code § 53.081, 102 S.W.3d 750.

Our decision today in *Page v. Structural Wood Components, Inc.*, 102 S.W.3d 720, rejects the court of appeals' approach. In *Structural Wood*, we held that "work must be defined in relation to a particular contract." *Id.* at 721. In order to perfect a statutory retainage lien, therefore, a subcontractor must file its lien affidavit within thirty days of the time that the original contract is completed, terminated, or abandoned. *Id.*; TEX. PROP.CODE § 53.101. Here, Marton Roofing filed its affidavit two months after the original contract was terminated, and consequently failed to perfect a lien on the statutory retainage.

Marton Roofing's attempt to perfect a fund-trapping lien fails for similar reasons. The statutory fund-trapping provision allows subcontractors to "trap, in the owner's hands, funds payable to the general contractor if the owner receives notice from the subcontractors that they are not being paid." *First Nat'l Bank v. Sledge*, 653 S.W.2d 283, 286 (Tex.1983). Specifically, the statute provides that an owner who receives such notice "may withhold from payments to the original contractor an amount necessary to pay the claim for which he receives notice." TEX. PROP.CODE § 53.081(a). The statute further provides a remedy if the owner fails to withhold funds from the original contractor: "the owner is liable and the owner's property is subject to a claim for any money paid to the original contractor after the owner was authorized to withhold

funds under this subchapter." *Id.* § 53.084(b).

 Marton Roofing argues that it is entitled to a lien on Page's property because Page paid money to the replacement contractors after receiving notice that Sepolio had failed to pay Marton Roofing. It is undisputed, however, that Page neither made nor owed any further payments to Sepolio at any time after Page received notice of Marton Roofing's claims. As with retainage liens, fund-trapping liens must be judged in relation to individual original contracts. Marton Roofing's notice authorized Page to withhold funds from Sepolio, because Sepolio was the original contractor that hired Marton Roofing. Page was not authorized to withhold funds from the replacement contractors who had no relationship to Marton Roofing. Consequently, Page cannot be liable under the fund-trapping statute for any funds paid to the replacement contractors. Accordingly, we grant Page's petition, and, without hearing oral argument, reverse the court of appeals' judgment. *See* TEX.R.APP. P. 59.1. We remand the case to the trial court for further proceedings consistent with this opinion so that the court may consider Page's claims for attorney's fees pursuant to section 53.156 of the Property Code.

Justice ENOCH filed a concurring and dissenting opinion, in which Justice JEFFERSON joined.

Justice SCHNEIDER did not participate in the decision.

Justice ENOCH, joined by Justice JEFFERSON, concurring in part and dissenting in part.

For the reasons expressed in my dissenting opinion in *Page v. Structural Wood Components, Inc.,*[1] I respectfully dissent from the Court's opinion on the retainage lien issue and its judgment in this case.

I concur, however, with the Court's opinion on the fund-trapping issue.